IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD K. DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-627-ECM-CWB |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| MENTAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Donald K. Day, proceeding *pro se*, filed this action on October 22, 2022 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2). Referral subsequently was made to the Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 4). By Order entered November 10, 2023 (Doc. 6), *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e).[1]

After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order on November 22, 2023 (Doc. 8) directing Plaintiff to file an Amended Complaint by December 6, 2023. The Order set out with specificity how the Complaint was deficient and what information should be included in the Amended Complaint. (*Id*. at pp. 5-6). Plaintiff additionally was cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result**

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

**in a recommendation that the action be dismissed**." (*Id.* at p. 7) (bold in original).  Upon request, Plaintiff was afforded additional time to comply.  (*See* Docs. 9 & 10).  Nonetheless, Plaintiff failed to file an Amended Complaint by the extended deadline of January 31, 2024.

It is settled that *pro se* litigants are required to conform to procedural rules and obey court orders.  *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017).  So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order.  *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).  Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id*.  It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630-31.  Here, the undersigned expressly finds that Plaintiff's failure to comply with the directive to replead reflects a clear record of delay and willful contempt.  The undersigned further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, considering that Plaintiff previously was afforded an extension of time in which to comply and was cautioned that "no further extensions will be granted absent genuinely extraordinary circumstances and that his failure to submit a timely and compliant Amended Complaint may result in a recommendation that the case be dismissed."  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted); *see also* Fed. R. Civ. P. 41(b).

Dismissal also would be proper for the reasons set forth in the November 22, 2023 Order.  (Doc. 8).  In short, the Complaint (Doc. 1) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff has failed to plead sufficient facts to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  Although Plaintiff alleges that he suffered side effects from various medications while confined at a psychiatric facility (*see* Docs. 1-1 & 1-2) and states that "my civil rights, my freedom of speech, freedom of religion and freedom of press have been violated" (*Id.*), he does not identify any particular person who engaged in allegedly wrongful conduct, nor does he otherwise provide enough factual context to support a potential cause of action.  The Complaint instead merely contains the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient by the United States Supreme Court to state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).  Not only that, Plaintiff's efforts to assert a claim against the Alabama Department of Mental Health in any event would be barred by Eleventh Amendment immunity.  *See, e.g., Selensky v. Alabama*, 619 F. App'x 846, 848-49 (11th Cir. 2015) ("[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees].") (quoting *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)).

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **February 20, 2024**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  An objecting party also must identify any claim or defense that the Recommendation has not addressed.  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 5th day of February 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**