IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD K. DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:22-cv-627-ECM |
| | ) |
| ALABAMA DEPARTMENT OF MENTAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On February 5, 2024, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice because the Plaintiff failed to comply with the Court's Orders to file an amended complaint. (Doc. 11). On February 22, 2024, the Plaintiff filed a *pro se* letter, which the Court construes as objections to the Recommendation. (Doc. 12).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently

specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. The Plaintiff asserts that he has "endured egregious, horrific treatment," among other injuries. (Doc. 12). However, these assertions merely restate the claims and factual assertions in his complaint, and he fails to identify any error in the Recommendation's analysis or conclusions. Because they are not sufficiently specific, the objections are reviewed for clear error and are due to be overruled.

Additionally, to the extent the Plaintiff intended his *pro se* letter (doc. 12) to serve as his amended complaint, it is untimely and also fails to comply with the Court's prior Orders (*e.g.*, doc. 8) and the Federal Rules of Civil Procedure.

Accordingly, upon an independent review of the file and upon consideration of the Recommendation, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 12) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 11) is ADOPTED;

3. This case is DISMISSED without prejudice for the Plaintiff's failure to comply with the Orders of this Court.

A separate Final Judgment will be entered.

DONE this 22nd day of May, 2024.

                                        /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE